UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MARGRIT MEIER, d/b/a
HARTLAND INN,

        Plaintiff,

                                Case No. 20-cv-1025-bhl

   v.

WADENA INSURANCE COMPANY,

        Defendant.

_____

### ORDER GRANTING MOTION TO DISMISS
_____

        On July 8, 2020, plaintiff Margrit Meier d/b/a Hartland Inn ("Meier"), filed a complaint against defendant Wadena Insurance Company ("Wadena"), asserting claims for breach of contract and bad faith based on disputed property damage claims under a Wadena insurance policy. (ECF No. 1.) Meier seeks prejudgment interest, declaratory judgment, compensatory damages, and punitive damages. (*Id.*)

        In lieu of an answer, Wadena filed a motion to dismiss on September 16, 2020. (ECF No. 6.) Wadena argues that the case must be dismissed because Meier failed to complete the contract's mandatory dispute resolution procedure and that her claims fail as a matter of law. (ECF No. 7 at 9-23.) In response, Meier filed a combined response and cross-motion for declaratory judgment and for partial summary judgment. (ECF No. 10.) She contends that Wadena's motion to dismiss includes matters outside the pleadings and therefore must be treated as a motion for summary judgment under Fed. R. Civ. P. 12(d). (*Id.* at 5.) Meier further asserts that Wadena's motion should be denied because the parties' dispute is legal, not factual, and that it is premature to dismiss her claims. (*Id.* at 8-17.) In reply, Wadena opposes Meier's contention that its motion should be converted to one for summary judgment. (ECF No. 12, 17.)

        After a series of quarrelsome letters (ECF Nos. 13, 19-20, 24), Wadena filed a motion for sanctions against Meier pursuant to Fed. R. Civ. P. 11. (ECF No. 27.) The parties eventually agreed to stay briefing on that motion until the motion to dismiss and motion for judgment are

decided. (ECF Nos. 32, 33.) After reviewing the complaint and the parties' copious filings, the Court will grant Wadena's motion to dismiss and deny the other pending motions.

## BACKGROUND

In her complaint, Meier alleges that a fire at the Hartland Inn damaged property covered by an insurance policy issued by Wadena. (ECF No. 1 at ¶¶7-8.) She asserts that when she made a claim under the policy, Wadena issued an initial payment of $775,000 and a second payment of $60,135.79, but only after she challenged Wadena's initial calculations. (*Id.* at ¶¶9-14.) Meier next invoked an appraisal provision in the policy. (*Id.* at ¶15.) Pursuant to that provision, both Meier and Wadena chose their preferred appraisers but then disagreed on the selection of the third appraiser, the umpire. (*Id.* at ¶16.) Meier alleges that Wadena insists on choosing an appraiser "well versed in the Broad Evidence Rule" and that the Broad Evidence Rule is inapplicable to her claim. (*Id.*) Meier then filed this suit, requesting that the Court declare that the Broad Evidence Rule does not apply to the insurance policy and would be improper if used in the appraisal process. (*Id.* at ¶¶37-38.) Meier attached several exhibits to her complaint but did not include the insurance contract. (*See* ECF No. 1-1.) Wadena filed the insurance contract along with its motion to dismiss. (ECF Nos. 8, 8-1.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts*, 817 F.3d at 564-65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. at 678).

# ANALYSIS

Wadena moved to dismiss Meier's complaint arguing that she failed to complete the mandatory dispute resolution procedure as described in the parties' contract, a necessary prerequisite to litigation. (ECF No. 7 at 2, 9-10.) Meier contends that the appraisal provision is inapplicable because the parties' disagreement regarding whether the Broad Evidence Rule can be used is a legal dispute, not a disagreement as to the appraisal. (ECF No. 10 at 8.) The parties agree that the insurance policy is valid and binds the parties. (ECF No. 1 at ¶18; ECF No. 7 at 3.)

Though the general rule is that a district court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion," *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (citing *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)), the Court may consider "[d]ocuments attached to a motion to dismiss … if they are referred to in the plaintiff's complaint and are central to his claim" without converting the motion into one for summary judgment. *Id.* (quoting *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)) (citing Fed. R. Civ. P. 10(c)). Because Meier's causes of action arise from the insurance policy, the Court will consider the policy when analyzing the motion to dismiss.[1]

The appraisal and legal action provisions of the insurance contract are central to the parties' dispute. The appraisal provision in the parties' insurance policy states:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: a. Pay its chosen appraiser; and b. Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

(ECF No. 8-1 at 87.) The legal action provision mandates: "No one may bring a legal action against us under this insurance unless: a. There has been full compliance with all of the terms of this insurance; and b. The action is brought within two years after the date on which the direct physical loss or damage occurred." (*Id.* at 88.)

---

[1] Because the Court concludes it may consider the parties' insurance policy in resolving Wadena's motion to dismiss, it need not deem the motion as one seeking summary judgment. For the avoidance of doubt, even the motion to dismiss was converted to a motion for summary judgment under Fed. R. Civ. P. 12(d), the motion would still be granted.

Meier invoked appraisal under the contract and the parties began the process of selecting appraisers. Before the appraisal procedure was finished, however, Meier filed this lawsuit alleging Wadena breached the insurance contract and acted in bad faith. The Supreme Court of Wisconsin held, in a case with a materially similar appraisal clause,[2] that the parties were bound to participate in the appraisal process once it had been invoked. *Farmers Auto. Ins. Ass'n v. Union Pac. Ry. Co.*, 2009 WI 73, ¶ 34, 319 Wis. 2d 52, 69, 768 N.W.2d 596, 605; *see Lynch v. Am. Fam. Mut. Ins. Co.*, 163 Wis. 2d 1003, 1011, 473 N.W.2d 515, 518 (Ct. App. 1991) (citing *Chapman v. Rockford Ins. Co.*, 89 Wis. 572, 576-579, 62 N.W. 422, 423-424 (1895)) ("a proper demand for an appraisal under an insurance policy that is made prior to the commencement of an action transforms completion of the appraisal process into a condition precedent to the lawsuit"). Like the parties in *Farmers*, Meier and Wadena agreed to this term in the contract, and they are bound by it. Similarly, they agreed that a legal action may not be brought until "[t]here has been full compliance with all the terms of this insurance." (ECF No. 8-1 at 88.) Because Meier was contractually bound to comply with the appraisal procedure in full before bringing a legal action, this case must be dismissed.

Meier attempts to characterize the dispute as one regarding coverage under the insurance policy such that it is outside the scope of the appraisal provision. (ECF No. 10 at 8.) She contends that the policy and Wisconsin case law prohibit the appraisers from using the Broad Evidence Rule to calculate actual cash value. (ECF No. 10 at 8.) Meier is correct that appraisers are not permitted to examine issues of coverage. *See St. Croix Trading Co./Direct Logistics, LLC. v. Regent Ins. Co.*, 2016 WI App 49, ¶14, 370 Wis. 2d 248, 256, 882 N.W.2d 487, 491. However, she is incorrect in thinking that "coverage" in this sense encompasses the appraiser's use of the Broad Evidence Rule to calculate loss.

The method of calculating an appraisal is well within the purview of the expert appraisers. "An appraisal process is an agreement by parties to a contract to allow third party experts to

---

[2] The clause in that case reads:
> *Appraisal*. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premise is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to be any two will set the amount of loss.

*Farmers Auto. Ins. Ass'n v. Union Pac. Ry. Co.*, 2009 WI 73, ¶ 34, 319 Wis. 2d 52, 69, 768 N.W.2d 596, 605.

determine the value of an item." *Farmers Auto. Ins. Ass'n v. Union Pac. Ry. Co.*, 2009 WI 73, ¶42, 319 Wis. 2d 52, 72-73, 768 N.W.2d 596, 606-07. It is not the Court's duty to dictate to the experts how they should accomplish their task. *Id.* at ¶42, 73, 607 ("The court's role is not to determine whether the third party experts accurately valued the item (*as if the court itself could do better job*)") (emphasis added). Nor is it directed by Wisconsin case law, or by the parties' insurance contract.

Meier relies heavily on the Wisconsin Court of Appeals' decision in *Coppins v. Allstate Indem. Co.* to argue that use of the Broad Evidence Rule is prohibited in Wisconsin. But *Coppins* did not so hold. The *Coppins* court concluded that when a policy omits a definition of "actual cash value," the determination of "actual cash value" is not "some sort of free-for-all where an appraiser can utilize any calculation of his or her choosing based on nothing more than feelings." *Coppins v. Allstate Indem. Co.*, 2014 WI App 125, ¶29, 359 Wis. 2d 179, 198, 857 N.W.2d 896, 905. Instead, the language of the insurance policy and "commonly-accepted definitions of 'actual cash value'" should inform an appraiser's determination. *Id.*

This holding neither prohibits nor requires the appraisers to use the Broad Evidence Rule, and the parties agree that the Wadena insurance policy does not define "actual cash value." (ECF Nos. 1 at ¶35; 12 at 9-10.) Under *Coppins*, then, the parties' appraisers are free to use their expertise to determine the value of the loss as long as they consider the policy language and support their calculations with more than just their feelings. Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Wadena's motion to dismiss, ECF No. 6, is **GRANTED**. The action is **DISMISSED** and the Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Meier's motion for partial summary judgment and declaratory judgment, ECF No. 9, and Wadena's motion for sanctions, ECF No. 27, are **DENIED**.

Dated at Milwaukee, Wisconsin on August 19, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge